Filed 6/27/25  P. v. Ochoa CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>SERGIO OCHOA,<br><br>　　　Defendant and Appellant. | H052339<br>(Santa Cruz County<br>Super. Ct. No. 24CR02225) |

Defendant Sergio Ochoa appeals from an order granting formal probation, entered followed his guilty plea for possessing methamphetamine for sale.  After defendant's timely appeal, we appointed counsel to represent him in this court.  Appellate counsel filed a brief stating the case and facts but raising no issues.  We notified defendant of his right to submit written argument on his own behalf, and he has not done so.

We include here a brief description of the facts and procedural history of the case as well as the conviction and punishment imposed.  We have reviewed the entire record to determine if there are any arguable appellate issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 440–441; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)  Finding no arguable issue, we will affirm the judgment.

## I.   TRIAL COURT PROCEEDINGS

According to the probation report's summary of a police report, an officer saw defendant and two other men trespassing on an embankment near the West Cliff Trestle. Officers learned defendant was on probation and conducted a probation search.

Defendant wore a crossbody bag, which he claimed to have just found. The officers found a purple plastic bag inside the crossbody bag that contained methamphetamine. The gross weight of the purple bag and its contents was 20.3 grams. Also inside the crossbody bag was a clear plastic bag with five small rectangular aluminum foil bindles. An officer opened one of the bindles and observed a white powdered substance that the officer believed was fentanyl. Defendant possessed $70 cash and two cell phones.

Defendant was charged by felony complaint with possessing fentanyl for sale (Health & Saf. Code, § 11351; count 1) and possessing methamphetamine for sale (Health & Saf. Code, § 11378; count 2). The complaint also alleged defendant had two prior strike convictions (Pen. Code, § 667, subds. (b)–(i)); was ineligible for probation (Pen. Code, § 1170, subd. (h)); was on probation and parole when committing the charged offenses (Cal. Rules of Court, rule 4.421(b)(4)); and had unsatisfactorily performed on probation and parole (Cal. Rules of Court, rule 4.421(b)(5)).

As part of a negotiated disposition, defendant pleaded guilty to count 2 for a grant of formal probation and dismissal of count 1 and all special allegations. On the prosecution's motion, the trial court dismissed count 1 and all special allegations, which included only one prior strike (the other alleged strike having been confirmed by the prosecution to be a misdemeanor conviction). The court suspended imposition of sentence and placed defendant on formal probation with conditions which included 180 days in jail, with presentence credit of 88 days (44 actual days plus 44 days of conduct credit (Pen. Code, § 4019)). The court imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)(1)) and a suspended $300 probation revocation fine (Pen. Code, § 1202.44); a $40 court operations assessment (Pen. Code, § 1465.8); and a $30 court facilities funding assessment (Gov. Code, § 70373). Defense counsel requested that no fines or fees be imposed, citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 and noting that defendant was unemployed. The court declined, stating defendant is "gonna get a job."

We have reviewed the entire record and find no arguable issue.

## II.  DISPOSITION

The order granting probation is affirmed.

_____

Grover, J.

**WE CONCUR:**




_____

Greenwood, P. J.




_____

Lie, J.




H052339
*The People v. Ochoa*